UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MATTHEW F. MCLEOD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:18-cv-1396

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing, among other things, that it was not supported by substantial evidence.

For the following reasons, the Court will **reverse and remand** the Commissioner's decision for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on October 13, 2015, alleging that he had been disabled since September 1, 2013. (PageID.174–75.) Plaintiff was 44 years old at the time of the

alleged onset date. (PageID.173.) Plaintiff had prior work as an appliance repairman. (PageID.66.) Plaintiff's application was denied (PageID.105–09), after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.122–23.)

On November 9, 2017, ALJ James J. Kent conducted a hearing and received testimony from Plaintiff and Heather Benton, M.A., an impartial vocational expert. (PageID.59–85.) On February 23, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled within the meaning of the Act. (PageID.52–58.) The Appeals Council denied Plaintiff's request for review on October 17, 2018. (PageID.35–37.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. § § 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on December 17, 2018.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 1, 2013, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease; (2) knees osteoarthritis; (3) plantar fasciitis; (4) sleep apnea; (5) diabetes; and (6) obesity. (PageID.54.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.54–55.)

At step four, the ALJ assigned significant weight to the opinions of state agency physicians Larry Jackson, M.D., and J.C. Billings, M.D., who determined that Plaintiff was capable of performing light work with occasional postural limitations. (PageID.57.) However, in his RFC

determination, the ALJ further restricted Plaintiff to sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations:

> [Plaintiff] needs a sit-stand option alternatively at will provided he is not off task more than 10% of the workday and any transitions in posture are within the 10% off task limit; and [can] occasionally climb, balance, stoop, kneel, crouch, and crawl.

(PageID.55.)

The ALJ found that Plaintiff could not perform his past relevant work. However, based on testimony from the vocational expert, the ALJ found that approximately 65,000 accounting clerk, 80,000 information clerk, and 90,000 office clerk jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.58.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The vocational expert testified that, if the worker was off task more than 15 percent of the day, in addition to regularly-scheduled breaks, all jobs would be eliminated. (PageID.83.) The same would be true if the worker had to elevate his leg or lie down a few days per week for about an hour. (*Id.*)

## Discussion

Plaintiff presents two issues with three subissues in his statement of errors. The Court construes Plaintiff's arguments as: (1) the ALJ failed to properly evaluate Plaintiff's symptoms in accordance with 20 C.F.R. § 404.1529 and SSR 16-3; and (2) the ALJ failed to consider all of Plaintiff's impairments and/or the combined effects of such impairments when determining Plaintiff's RFC.

## I. Evaluation of Plaintiff's Symptoms

For decisions made on or after March 28, 2016, the ALJ evaluates a plaintiff's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability under SSR 16-3-p. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16-3p superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996), which required the ALJ to evaluate the overall credibility of a plaintiff's statements. Instead of credibility, SSR 16-3 addresses the *consistency* of a plaintiff's statements without requiring an ALJ to assess the claimant's overall credibility, or character for truthfulness. 2017 WL 5180304, at *11 ("In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he is a truthful person."). Nonetheless, "according to the very language of SSR 16-3p, its purpose is to 'clarify' the rules concerning subjective symptom evaluation and not to substantially *change* them." *Brothers v. Berryhill*, No. 5:16-cv-01942, 2017 WL 2912535, at *10 (N.D. Ohio June 22, 2017). As the court observed in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 22, 2018):

> The new policy ruling did not and could not change the underlying regulations. The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Id.* at *6.

Consistent with the prior ruling (SSR 96-7p), *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* The Sixth Circuit has said that an ALJ's "credibility findings may not be disturbed absent compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (internal quotation marks omitted).

The ALJ indicated that he considered all of Plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the medical and other evidence, including opinion evidence, in accordance with 20 C.F.R. §§ 404.1527 and 1529 and SSR 16-3p. (PageID.55.) After citing Plaintiff's statements from his Function Report and his testimony at the hearing concerning his symptoms, the ALJ stated:

> After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning their intensity, persistence and limiting effects are not entirely consistent with the medical evidence and other evidence for the reasons explained in this decision.

7

(PageID.56.) The ALJ summarized some of the medical evidence in the record pertaining to Plaintiff's impairments in the following three paragraphs and then wrote:

> As for the opinion evidence, despite multiple visits and treatments over the relevant period with a variety of care providers, the evidence does not support the severity and duration of the claimed limitations. While there may be some mention of treatment or symptoms in the record, I found a lack of persuasive evidence such were placed on his [sic] by any medical source. It is reasonable to assume had a treating source found it necessary for the claimant to be limited to the extent he claims, the evidence would clearly state this opinion. In the absence of such, great weight was given to the only qualified medical expert opinion related to stated Social Security limitations.

(*Id.*)

Plaintiff argues that the ALJ's evaluation of his symptoms was deficient in several respects. First, Plaintiff argues that the ALJ failed to consider the severity and frequency of his symptoms and his efforts to reduce his pain. For example, Plaintiff notes that a 2008 MRI of Plaintiff's lumbar spine showed herniation and possible nerve root contact (PageID.1138), and a February 2015 MRI showed multiple disc protrusions of the cervical and thoracic spines and flattening of the spinal cord at T5-9 and multiple disc bulges and potential L4 radiculopathy (PageID.369-72). Plaintiff also notes that he received a series of injections in 2015 and participated in numerous physical therapy sessions during 2015 and 2016. Plaintiff further argues that the ALJ did not consider Plaintiff's limited daily activities, including his need to lie down periodically, his use of a TENS[2] unit three times per day since March 2015, or the effects of his medications (PageID.218). Finally, Plaintiff argues that the ALJ's analysis is faulty because the ALJ fails to explain the relationship between his rejection of Plaintiff's complaints and the opinions he adopted.

Although the ALJ's analysis is on the thin side, there is no basis to disturb his determination. That is, the ALJ's explanation complies with SSR 16-3p because it sufficiently

---

[2] A TENS unit, or transcutaneous electrical nerve stimulation unit, is a battery operated device used to treat pain.

8

identifies his reasons for the weight he assigned to Plaintiff's symptoms. As indicated above, the ALJ was not required to expressly address all the factors set forth in SSR 16-93 or "conduct a factor-by-factor analysis." *Pratt*, 2014 WL 1577525, at *3. The ALJ's primary reason for discounting Plaintiff's symptoms was that no treating source had limited him to the extent Plaintiff claimed. This was a valid basis for assigning Plaintiff's symptoms less than full weight. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014) (noting that the lack of "more significant doctor-recommended functional limitations" supported the ALJ's treatment of the plaintiff's pain allegations). With the exception of P.A. Scherrer, discussed below, Plaintiff cites no evidence that undermines the ALJ's basis for not finding Plaintiff more limited. Moreover, although the ALJ did not expressly link them to a "credibility" finding, the records he cited in his discussion supported that Plaintiff had severe, but not disabling, limitations. For example, during a March 12, 2015 examination for back pain, Neurologist Daryl Warder, M.D. found that Plaintiff's mental status was normal and he had normal strength, sensation, and motion/gait. (PageID.258–60.) Dr. Warder opined that Plaintiff would not benefit from surgery. (PageID.260.) The ALJ also mentioned Plaintiff's treatment, which consisted of physical therapy and injections. Such conservative treatment of alleged disabling impairments is also a valid basis to discount a claimant's pain complaints. *See Kepke v. Comm'r of Soc. Sec.,* 636 F. App'x 625, 638 (6th Cir. 2016) (noting that the plaintiff's "routine and/or conservative treatment for the allegedly disabling impairments" was a proper basis to discount his allegations of pain). Moreover, although Plaintiff faults the ALJ for not discussing Plaintiff's "dizziness and/or drowsiness from nearly all of his medications" (ECF No. 10 at PageID.1163), the ALJ had no basis to do so, as "[a]llegations of a medication's side effects must be supported by objective medical evidence." *Daniels v. Comm'r of Soc. Sec.*, No. 1:07-cv-528, 2008 WL 4394356, at *8 (W.D. Mich. July 29, 2008) (citing *Farhat*

9

*v. Sec'y of Health & Human Servs.*, No. 91-1025, 1992 WL 174540, at *3 (6th Cir. July 24, 1992)). Plaintiff cites no such evidence. At bottom, Plaintiff's argument merely invites the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which is improper. *See Brainard*, 889 F.2d at 681 (citation omitted). Because the ALJ's evaluation of Plaintiff's symptoms is supported by substantial evidence, and his explanation is specific enough to make clear the weight he gave to Plaintiff's statements and the reasons for that weight, this argument is rejected.

## II. Opinion Evidence

Within his argument that the ALJ failed to properly evaluate his symptoms, Plaintiff asserts that the ALJ failed to consider the opinion of Miriam Scherrer, P.A., his treating physicians' assistant, that he needed to elevate his legs when sitting to alleviate the effects of his lymphedema. Plaintiff's records show that P.A. Scherrer advised Plaintiff in April 2014, June 2015, and July 2016 to elevate his legs above the level of his heart when sitting to help reduce swelling. (PageID.530, 560, 1019.) Scherrer, a physicians' assistant, is considered an "other" medical source. *See* 20 C.F.R. § 404.1513(d)(1) (amended March 27, 2017) ("other" medical sources include nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists). An ALJ must consider "other-source" opinions and "generally should explain the weight given to [such] opinions." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (citing SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006)). SSR 06-03p[3] explains how "other" medical source opinions should be treated:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical

---

[3] Although SSR 06-3p has been rescinded, it is applicable here because Plaintiff's filed his application for benefits before March 27, 2017.

sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision in hearing cases and in the notice of determination (that is, in the personalized disability notice) at the initial and reconsideration levels, if the determination is less than fully favorable.

*Id.* The ALJ did not mention P.A. Scherrer's opinion.

Plaintiff argues that the ALJ erred by failing to explain why he gave no weight to P.A. Scherrer's opinion. Defendant contends that although the ALJ did not specifically mention P.A. Scherrer, he properly addressed her opinions by discussing portions of her treatment notes, such as her September 10, 2015 statement that Plaintiff's degenerative disc disease was under "[f]air control." (PageID.268.) Defendant further notes that the ALJ considered Plaintiff's testimony that he needed to elevate his legs and a treatment note showing leg swelling in January 2017 (PageID.56, 1053). Still, nothing in the ALJ's decision indicates that he considered P.A. Scherrer's opinion that Plaintiff needed to elevate his legs for swelling. As SSR 06-3p indicates, an explanation of the weight the ALJ gave or would have given P.A. Scherrer's opinion is particularly important here because it could have affected the outcome of the case. The ALJ's failure to consider P.A. Scherrer's opinion as required by SSR 06-03p "was an error" requiring remand. *See Harthun v. Comm'r of Soc. Sec.*, No. 1:07-CV-595, 2008 WL 2831808, at *7 (W.D. Mich. July 21, 2008) (remanding for consideration of "other source" opinions pursuant to SSR 06-03p that the ALJ failed to address).

### III. RFC Determination

Plaintiff also argues that the ALJ's RFC determination is defective because the ALJ failed to consider all of Plaintiff's impairments and/or the combined effects of those impairments. Because the Court is remanding the case to the ALJ for consideration of P.A. Scherrer's opinion, it need not address Plaintiff's RFC argument at this point.

### CONCLUSION

For the reasons stated herein, the Commissioner's decision will be **reversed and remanded** for further consideration consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An Order consistent with this Opinion will enter.

Dated: March 30, 2020 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge